BARRY R. FEERST & ASSOCIATES (BRF3836)
Attorneys for Plaintiffs
194 South 8th Street
Brooklyn, NY 11211
t(718) 384-9111
f(718) 384-5999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JOEL FRIEDLANDER, CITI COLLISION CORP,
SALES FOR ALL INC, SALES A PLUS INC,
and EXPRESS CAR RENTAL INC,


                        Plaintiffs,


            -against-


LEO FEKETE A/K/A ARI FEKETE,
REBECCA FEKETE A/K/A RIVKY FEKETE,
CITI COLLISION CENTER INC,
UPTOWN REPAIR INC, ZADKEIL AUTO and
DA AUTO REPAIRS T CORP.
                        Defendants.
-----------------------------------X
### COMPLAINT AND JURY DEMAND

Plaintiffs, JOEL FRIEDLANDER ("Friedlander"), CITI COLLISION

CORP.("Citi"), SALES FOR ALL("SFA"), SALES A PLUS INC. ("SAP"),

EXPRESS CAR RENTAL INC ("ECR"), by their attorneys Barry R. Feerst

& Associates, as and for their Complaint against Defendants LEO

FEKETE A/K/A ARI FEKETE ("Fekete"),REBECCA FEKETE A/K/A RIVKY

FEKETE ("Rebecca Fekete"), CITI COLLISION CENTER INC. ("CCC"),

UPTOWN REPAIR INC ("URI"),ZADKEIL AUTO ("ZA"), DA AUTO REPAIRS T.

CORP.("DART") allege as follows:

-1-

**JURISDICTION AND VENUE**

1.  This court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C § 1331 in that said claims arises under the laws of the United States and in particular the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C.§§ 1961 et sq.) and Bank Fraud Statute (18 U.S.C.§ 1344).

2.  This court has supplemental jurisdiction over plaintiffs' New York State law claims pursuant to 28 U.S.C. § 1367(a), which are so related to plaintiffs' federal claims as to compromise part of the same case or controversy.

3.  Venue in this district is proper under (a) 28 U.S.C. § 1965(a) because defendants reside, are found, have an agent, or transact their affairs in this district; (b) 28 U.S.C. § 1965(b) because the ends of justice require that any defendant residing in another district be brought before this Court; (c) 28 U.S.C. § 1391(b) as well in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district; and (d) principles of pendent venue since all claims arise out of the same nucleus of operative facts.

**PARTIES**

4.  Friedlander is a resident of the State of New York, County of Kings.

5.  Citi is a domestic corporation and is wholly owned and operated by Friedlander.

-2-

6. SFA is a domestic corporation and is wholly owned and operated by Friedlander.

7. SAP is a domestic corporation and is wholly owned and operated by Friedlander.

8. ECR is a domestic corporation and is wholly owned and operated by Friedlander.

9. Fekete is a resident of the State of New York, County of Kings.

10. Rebecca Fekete is a resident of the State of New York, County of Kings.

11. CCC is a domestic corporation that was organized by or on behalf of Fekete and Rebecca Fekete and is wholly owned and or operated by Fekete and Rebecca Fekete.

12. URI is a domestic corporation with offices in the State of New York, County of Kings, and is wholly owned and operated by Fekete.

13. ZA is a foreign corporation that transacts business in the State of New York, and is owned and operated by Miguel Zadkiel.

14. DART is a domestic corporation owned and operated by Alex Kitchov.

15. Fekete and Rebecca Fekete are individuals, and CCC, URI, ZA, DART are entities, capable of holding a legal or beneficial interest in property as defined by 18 U.S.C. § 1961(3) and are thus each a "Culpable Person" as defined under RICO.

-3-

16. Together, Fekete, Rebecca Fekete, CCC, URI, ZA, and DART have been and continue to be an association in fact operating as an "enterprise" or Ring as defined by RICO.

17. As an amalgam of unrelated individual defendants and a corporation the Ring is distinct from each defendant.

18. The Ring and the defendants are associated with each other for the common purpose of engaging in a course of conduct injurious to plaintiffs' interests, by operating a business that competes with plaintiffs' and in furtherance of that common purpose, uses surreptitiously gathered information; and makes use of plaintiffs' trade secrets, propriety information, intellectual property, business model and operation methods.

19. All the members of the Ring have worked together to commit various acts hereinafter designated. The statutes that are being violated are in furtherance of the foregoing common purpose 18 U.S.C. § 1343 "Wire fraud" and 18 U.S.C. § 1341 "Mail fraud".

20. Each member has had some role in directing the affairs of the Ring in connection with the matters complained of herein.

21. Upon information and belief, the activities of the Ring, affects interstate commerce though the use of the wire transmissions ("Wires") which carry Internet Email, mail or other instrumentalities of interstate commerce in carrying out each of the predicate acts detailed herein and in furtherance of its mission. Upon information and belief, each defendant could

reasonably foresee that the Wires and U. S. Mail ("Mail") would be used in furtherance of the Ring's objectives.

22. Commencing on or about May 2009 until the present, Fekete, Rebecca Fekete , CCC and URI, agreed upon and executed a plan and scheme whereby they caused the creation of the entities  described in ¶¶ "11.", "12.", "13." and "14." and through their use and control of said entities, whose business purpose is to compete with plaintiffs in the sale of plaintiffs' services, have collectively conducted an ongoing criminal enterprise and committed the unlawful acts described below in a systematic manner. In specific the defendants intentionally engaged in an ongoing course of conduct with intent to defraud or to obtain property by false or fraudulent pretenses, representations or promises, and so obtained property while and when engaged in inducing or promising services it diverted from plaintiffs.

## **PREDICATE ACTS**

23. In this action plaintiffs seek civil damages under RICO, Bank Fraud Statute(s) and New York State law for a variety of acts as described below, whereby the defendants have worked together to commit various acts of Mail or Wire fraud for the Ring's common purpose, which is to injure the plaintiffs' business and the public who transact business with plaintiffs.

24. In or about May 2015, plaintiffs accepted Fekete's offer to market plaintiffs' services on plaintiffs' behalf as their agent

to bind and negotiate automobile damage claims with insurance carriers on behalf of plaintiffs and their customers. Unbeknownst to plaintiffs at the time, in or about August through November, 2015, Fekete and Rebecca Fekete organized CCC and URI and operated same across the street from the location from plaintiffs' premises.

25. It wasn't until October 2015, that plaintiffs discovered that Fekete removed several vehicles from plaintiffs' premises, which were owned or leased by plaintiffs who have demanded the return of said vehicles.

26. In addition to the conduct described above during the period of approximately 2009 through December 31, 2015, defendants caused financial injury to plaintiffs by defendants using the name Citi, charging insurance carriers for storage and repair fees associated with insurance claims on vehicles belonging to plaintiffs' customers. The proceeds for such charges were not only collected and embezzled by defendants but further injured plaintiffs' interests because the vehicles were parked on the public street, for excessive periods of time solely to generate exaggerated fees payable to Citi.

27. In furtherance of the scheme described in ¶ "26.", Fekete obtained the checks made payable to Citi and then endorsed and negotiated the checks through the bank account of CCC due to the similarity in names.

28. Fekete also obtained copies of plaintiffs' customers'

driver's licenses and used same to negotiate instruments representing insurance recovery proceeds jointly payable to plaintiffs and the customers.

29.   In addition to the aforesaid conduct, the defendants have engaged in other acts as described below which violate New York State Statutes and give rise to claims under NY Business Corporation Law § 301, NY General Business Law § 352-C(5), NY General Business Law § 133, NY General Business Law § 349, NY General Business Law § 350, NY General Business Law § 360-k, NY General Business Law § 360-1, NY General Business Law § 360-o and breach of the duty of loyalty.

30. Fekete, Rebecca Fekete, CCC, URI, ZA, and DART have violated the provisions of 18 U.S.C. § 1962(c) by conducting or participating, directly or indirectly, in and concealing the conduct of the Ring through a pattern of racketeering activity.

31. The pattern of racketeering activity has consisted of multiple predicate acts which are related and continuos and have the same or similar purposes, results, participants, victims, methods of commission, or as otherwise interrelated by distinguishing characteristics and are not isolated events, the last of which occurred within 10 years following the commission of a prior act of racketeering activity as described above, and as such constitute a "pattern of racketeering"as defined in 18 U.S.C. § 1961(5).

32. As the Ring's business is inherently or at least primarily unlawful, a threat of continuing criminal activity beyond the period in which the predicate acts set forth above were performed is presumed.

33. Upon information and belief, the pattern of racketeering activity has continued on a consistent basis since 2009, without cessation, and in fact has been escalating with greater frequency over time, which evidences a threat of continuing criminal activity.

34. Upon information and belief, the predicate acts set forth above are the regular way of operating the Ring, and by their very nature are repetitive by engaging in self dealing without any oversight which also implies a threat of continued criminal activity.

35. Upon information and belief, the predicate acts set forth above constitute "Racketeering Activity" as defined in RICO in that they involve violations of 18 U.S.C. §§ 1341, 1344.

36. Friedlander, Citi, SFA, SAP, ECR are each "persons" who sustained injuries to their business or property by reason of defendants' violation of 18 U.S.C. § 1962(c).

37. As a direct and proximate result of the pattern of racketeering activity followed by the defendants in violation of RICO there has been injury to the business and property as contemplated by RICO and as described under each separate count of

this complaint.

38. The complained of unlawful activities are ongoing and the doctrine of continuing tort or injury applies to the claims asserted here. Therefore, there is no time bar to this action other than the 10 year outer limit for civil RICO.

39. Friedlander, Citi, SFA, SAP, and ECR's standing to bring their claims is established, by showing violations of RICO by the defendants with such violations directly causing injury to Friedlander, Citi, SFA, SAP, and ECR's business and property, as set forth under each Count.

## COUNT I
## RICO VIOLATIONS- SECTION 1962(C)

40.  The allegations of ¶¶ "1" through "39" are repeated.

41. This count asserts claims by Friedlander, Citi, SFA, SAP, and ECR against Fekete, Rebecca Fekete, CCC, URI, ZA, and DART defendants.

42. Upon information and belief, the defendants ongoing activities constitutes the perpetration of a fraud upon Friedlander, Citi, SFA, SAP, and ECR.

43. In addition, Friedlander, Citi, SFA, SAP, and ECR have lost business opportunities and potential customers as a result of defendants' activities.

44. As a result of defendants' violations of 18 U.S.C. § 1962 (c), Friedlander, Citi, SFA, SAP, and ECR have been damaged in an

amount to be determined at trial and believed to be not less than 1.2 million dollars.

45. In addition, RICO creates a private right of action for treble damages beyond the damages described above for the criminal conduct complained of herein.

<u>COUNT II</u>
**CONSPIRACY TO VIOLATE § 1962(C)OF RICO- SECTION §(d)**

46. The allegations of ¶¶ "1" through "45" are repeated.

47. This Count asserts claims by Friedlander, Citi, SFA, SAP, and ECR against Fekete, Rebecca Fekete, CCC, URI, ZA, and DART defendants.

48. Upon information and belief, pursuant to and in furtherance of their conspiracy to violate RICO, by conducting or participating, directly or indirectly, in the conduct of the Ring's affairs through a pattern of racketeering activity, in violation of RICO,the defendants, engaged in the Conduct described below.

49. Upon information and belief, each defendant knew of and agreed to facilitate the mission or objective of the Ring and each or nearly each defendant committed at least two predicate acts with knowledge that those acts were in furtherance of the Ring's mission.

50. Upon information and belief, as a direct and proximate result of the conspiracy, Friedlander, Citi, SFA, SAP, and ECR have been injured in that they have been denied the exercising of their lawful legal ownership rights of the entities that they

operate and have suffered other pecuniary damages in that they have had funds stolen from them, trade secrets stolen from them and are being denied valuable business opportunities.

51. Upon information and belief, as a result of defendants' violations of 18 U.S.C. § 1962(d), Friedlander, Citi, SFA, SAP, and ECR have been damaged in an amount to be determined at trial but believed to be not less than 1.2 million dollars.

52. In addition, RICO creates a private right of action for treble damages beyond the damages described above, upon information and belief, for the criminal wrongs complained of herein.

## COUNT III
### 18 U.S. Code § 1344 - BANK FRAUD

53. The allegations of ¶¶ "1" through "52" are repeated.

54. Bank Fraud under 18 U.S. Code § 1344 delineates " Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

55. Defendants executed a scheme whereby they obtained the checks made payable to Citi and then endorsed and negotiated the checks through the bank account of CCC due to the similarity in names.

56. Defendants also obtained copies of plaintiffs' customers' driver's licenses and used same to negotiate instruments representing insurance recovery proceeds jointly payable to plaintiffs and the customers.

57. The actions of the defendants as described above constitutes the commission by defendants of Bank Fraud.

**COUNT IV**
**DILUTION OF TRADE NAME**

58. The allegations of ¶¶ "1" through "57" are repeated.

59. This cause of action asserts claims of common law and statutory trademark infringement and unfair competition under the laws of the State of New York, that are being perpetrated by Fekete and his wife Rebecca Fekete and the entities described in ¶¶ "8.", "9.", "10." & "11." by deceiving the public into believing that said entities are affiliated with Citi.

60. Citi is a respected enterprise that operates an auto leasing and claims adjustment business. Citi continues in business today and has invested and continues to invest substantial sums of money, time and skill to operate, maintain, publicize and enhance its business.

61. Citi has earned a reputation as a devoted, competent and efficient enterprise and transacted business in and out of New York with various agencies, individuals and enterprises as Citi and its derivative name Citi Collision.

62. Citi is compensated for its efforts and investments largely from revenues generated by customers.

63. Upon information and belief, Fekete and CCC have identified themselves as the owners and or operators of Citi to various agencies and the public at large and continue to do so.

64. Among other wrongful and deceitful acts, the defendants have advertised and publicized the CCC name and thereby caused confusion among the public.

65. The conduct described above is intentional, willful and designed to injure the economic interests of Citi by pirating Citi's common law rights to the exclusive use of the name Citi and its derivatives.

66. This use and exploitation of the name Citi and its derivatives is entirely unauthorized by Citi.

67. Upon information and belief, by the conduct alleged above, trademark infringement under New York common law has been committed by defendants including violation of N.Y. Business Corporation Law §301; N.Y. General Business Law §133; N.Y. General Business Law §349; N.Y. General Business Law §350; N.Y. General Business Law §360-k; N.Y. General Business Law §360-l; and N.Y. General Business Law §360-o.

68. Citi has been injured and continues to suffer irreparable harm for which there is no adequate remedy at law as a result of the unlawful and infringing conduct of said defendants.

69. By reason of the foregoing plaintiffs are entitled to such equitable relief as the Court can grant.

## COUNT V
## MISUSE OF TRADE SECRETS

70. The allegations of ¶¶ "1" through "69" are repeated.

71. Upon information and belief, the defendants, while making use of plaintiffs' confidential records and trade secrets, communicated with plaintiffs' customers and third-parties in a scheme to divert plaintiffs' corporate opportunities to defendants.

72. Commencing on or about 2014, the defendants, agreed upon a plan and scheme whereby they caused the creation of the entities described above and whose business purpose is to compete with plaintiff in the marketing of plaintiffs' services.

73. Since 2014, defendants have been operating a business enterprise that competes with plaintiffs and in so doing has made use of intellectual property, including trade secrets, proprietary information and operating methods of plaintiffs, which were surreptitiously gathered by the defendants.

74. By reason of the foregoing, plaintiffs are entitled to recover damages of the defendants.

## COUNT VI
## BREACH OF DUTY

75. The allegations of ¶¶ "1" through "74" are repeated.

76. Fekete and Rebecca Fekete were plaintiffs' agents in the

operation of plaintiffs' business and owed a duty to plaintiffs, inter alia, to maintain confidentiality of trade secrets and to not compete against plaintiffs.

77. Plaintiffs' relied on Fekete and Rebecca Fekete fulfilling their obligations as plaintiffs' agents.

78. Fekete and Rebecca Fekete breached their fiduciary duties as agents of plaintiffs as described above.

79. By reason of the foregoing, plaintiffs are entitled to recover damages and exemplary damages of Fekete and Rebecca Fekete.

## COUNT VII
### TORTIOUS INTERFERENCE

80. The allegations of ¶¶ "1" through "79" are repeated.

81. Upon information and belief, commencing on or about 2014, defendants acting in concert, repeatedly importuned, conspired and schemed to and in fact did prevent and dissuade customers and other third-parties from transacting business with plaintiffs.

82. The acts and conduct described in paragraph "81." herein, were, among other things, motivated by venality and intent to cause economic harm to plaintiffs and to cause plaintiffs to cease operating.

83. Since 2014, plaintiffs have lost several customers and business opportunities with other third parties.

84. By reason of the foregoing, plaintiffs are entitled to recover damages from defendants.

**COUNT VIII**
**CONVERSION**

85. The allegations of ¶¶ "1" through "84" are repeated.

86. Upon information and belief at various times, defendants, without authority, have converted instruments that were payable to and or belonging to plaintiffs.

87. Upon information and belief, defendants negotiated the instruments into their bank account and or negotiated same to third-parties and embezzled the proceeds.

88. By reason of the foregoing, plaintiffs are entitled to recover damages of defendants.

**COUNT IX**
**NY CLS GEN BUS LAW § 352-C**

89. The allegations of ¶¶ "1" through "88" are repeated.

90. This Count asserts claims by Friedlander, Citi, SFA, SAP, and ECR against Fekete, Rebecca Fekete, CCC, URI, ZA, and DART defendants.

91. Upon information and belief, from approximately 2004 until the present, defendants Fekete, Rebecca Fekete, CCC, URI, ZA, and DART through their use and control as associates of the Ring intentionally engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud or to obtain property by false or fraudulent pretenses, representations or promises, and so obtained property from one or more of such persons while engaged in

inducing or promoting the issuance, distribution, exchange, sale, negotiation or purchase of any securities or commodities, in connection with propriety leases and shareholders certificates.

92. Upon information and belief, based on the foregoing acts, the defendants are guilty of violating NY GEN BUS LAW § 352.

<u>COUNT X</u>
**New York Penal Law § 175.10- FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**

93. The allegations of ¶¶ "1" through "92" are repeated.

94. This Count asserts claims by Friedlander, Citi, SFA, SAP, and ECR against Fekete, Rebecca Fekete, CCC, URI, ZA, and DART defendants.

95. Upon information and belief, from approximately June 2006 until the present, defendants Fekete, Rebecca Fekete, CCC, URI, ZA, and DART through their use and control as associates of the Ring, intentionally with intent to defraud, including an intent to commit another crime or to aid or conceal the commission thereof, made or caused false entries in the business records of the Ring and altered, erased, deleted, removed and destroyed true entries in the business records of the ring and omitted to make true entries in the business records of the Ring in violation of a duty to do so which the Ring knew to be imposed upon it by law or by the nature of the position of the members of the Ring and prevented the making of a true entries and caused the omissions thereof in the business

-17-

records of the ring.

96. Upon information and belief, based on the foregoing acts, the defendants are guilty of violating New York Penal Law § 175.10.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand judgment as follows:

(a) With respect to Count I, defendants be adjudged to have violated § 1962(c) of RICO and ordering those defendants to pay a judgment, jointly and severally, to plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $400,000.00 and that such damages be trebled to not less than $1.2 million.

(b) With respect to Count II, defendants be adjudged to have violated § 1962(d) of RICO and ordering those defendants to pay a judgment, jointly and severally, to plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $400,000.00 and that such damages be trebled to not less than $1.2 million.

(c) With respect to Count III, defendants be adjudged guilty of bank fraud under 18 U.S. Code § 1344 and ordering those defendants to pay a judgment to Plaintiffs in the amount of its actual damages as determined at trial believed to be not less than $1.2 million.

(d) With respect to Count IV, defendants be adjudged to have

diluted plaintiffs' trade name and ordering that each defendant pay a judgment to Plaintiffs in the amount of its actual damages as determined at trial believed to be not less than $1.2 million.

(e) With respect to Count V, defendants be adjudged to have misused plaintiffs' trade secrets and ordering that each defendant pay a judgment to Plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $1.2 million.

(f) With respect to Count VI, defendants be adjudged to have violated their duty of loyalty and ordering that each defendant pay a judgment to Plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $1.2 million.

(g) With respect to Count VII, defendants be adjudged guilty of tortious interference and ordering that each defendant pay a judgment to Plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $1.2 million.

(h) with respect to Count VIII, defendants be adjudged guilty of conversion and ordering that each defendant pay a judgment to Plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $1.2 million.

(i) With respect to Count IX, defendants be adjudged to have violated NY State General Bus Law § 352-C and ordering that each defendant pay a judgment to Plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $1.2 million.

(j) With respect to Count X, defendants be adjudged to have violated New York Penal Law § 175.10. and ordering that each defendant pay a judgment to Plaintiffs in the amount of their actual damages as determined at trial believed to be not less than $1.2 million.

(k) Entry of any appropriate preliminary and permanent injunction against defendants; and

(l)Awarding plaintiffs reasonable attorney's fees, interest, the costs associated with the prosecution of this action, and such further relief as the Court may deem just.

### **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand trial by jury in this action of all issues so triable.

BARRY R. FEERST & ASSOCIATES

By:_____/s/_____
    BARRY R. FEERST (BRF3836)
    Attorney for Plaintiff
    194 South 8th Street
    Brooklyn, New York 11211
    (718)384-9111

Dated: Brooklyn, New York
       May 10, 2017